IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, SECURITIES AND EXCHANGE COMMISSION, FEDERAL STOCK EXCHANGE COMMISSION, SALT LAKE CITY POLICE DEPARTMENT, MICROSOFT,<br><br>    Defendants. | Case No. 2:07-CV-885-DAK<br><br><br><br>**ORDER** |

Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel. Plaintiff's complaint was filed on November 14, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on December 6, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entries #4, 5.)

Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers.

*See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*

> Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, at 28 U.S.C. § 1915(e)(2)(B), the law directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Plaintiff is proceeding *in forma pauperis*, the court must consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

Section 1915(e)(2)(B) is an issue in this case because it appears that Plaintiff has not yet stated a properly supported claim upon which relief may be granted, and even may have set forth claims that are frivolous.  Plaintiff appears to have stated three causes of action in his complaint.  Plaintiff's first stated cause of action is fraud.  Plaintiff's supporting facts for this cause of action are:  "the registration of illegal websites into me/or/my corporate names, and illegal operation of sites and email registrations by webmasters directly responsible for optimalone.com, conceptfreedom.com as a breach of international security and securities, and antitrust."  This statement does not provide the court with sufficient factual allegations for the court to determine whether Plaintiff has stated a claim of fraud, or any other federal claim, upon which relief can be granted.  To the contrary, Plaintiff's statement consists of conclusory allegations without sufficient supporting factual averments.

Likewise, Plaintiff's second stated cause of action, "Murder and worldwide antitrust by the British Prime Minister on Terrorism of Great Brittain as the person responsible for [the

first cause of action]." As support for this stated cause of action, Plaintiff provides the following: "The British Prime Minister is a member of a society called the Freemasons and has committed multiple/and is responsible for multiple counts of murder, child molestation and numerous crimes worldwide." Again, as with Plaintiff's first cause of action, this statement simply sets forth conclusory allegations unsupported by factual averments. The court cannot conclude, based on this statement, that Plaintiff has set forth a federal claim upon which relief can be granted.

Finally, Plaintiff supported his third stated cause of action, which he calls "atrocities against humanity listed in [the first two causes of action]," with the following statement: "evidence will be shown at time of trial of defendants/adverse parties on behalf of the United Nations Peacekeeping council. Also over $600,000,000.00 has not been recovered by local authorities in Salt Lake City after reported to local officials and authorities." As with Plaintiff's first two stated causes of action, Plaintiff has not supported this third cause of action with a sufficient statement of facts for the court to find that Plaintiff has stated a claim upon which relief can be granted.

Based on the information provided by Plaintiff in his complaint, at this point the court cannot discern that Plaintiff has set forth in his complaint a federal claim upon which relief

4

can be granted.  As explained above, Plaintiff has not provided the court with sufficient facts to support a federal claim.

In addition, Plaintiff has not provided sufficient facts for the court to determine how Plaintiff even has standing to present these claims.  Furthermore, the court is concerned at Plaintiff's failure to specify the identities of the defendants in this action.  "All adverse parties" is not acceptable.

Because Plaintiff is proceeding *pro se*, the court wishes to provide him with an opportunity to amend his complaint before the court issues its Report and Recommendation to Judge Kimball.  As a result, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, Plaintiff provide the court with an amended complaint setting forth with sufficient specificity Plaintiff's federal claims, the supporting facts, and the parties involved in this action.

DATED this 9th day of January, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge