IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, SECURITIES AND EXCHANGE COMMISSION, FEDERAL STOCK EXCHANGE COMMISSION, SALT LAKE CITY POLICE DEPARTMENT, MICROSOFT,<br><br>        Defendants. | Case No. 2:07-CV-885-DAK<br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel.  Plaintiff's complaint was filed on November 13, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on November 30, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entries #4, 6.)

Due to Plaintiff's failure to comply with the court's order to file an amended complaint, and due to the complaint's failure

to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

### ANALYSIS

There are two bases upon which the court relies in recommending that Plaintiff's complaint be dismissed. The first is Rule 41(b) of the Federal Rules of Civil Procedure. The second is 28 U.S.C. § 1915(e)(2)(B).

First, on January 9, 2008, the court ordered Plaintiff to file an amended complaint. (Docket Entry #13.) Plaintiff has failed to file an amended complaint or any other pleading since that order was issued. As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapaho*e, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007).

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its January 9, 2008 order, that Plaintiff is proceeding *pro se*. As a result, the court construes Plaintiff's pleadings liberally and holds his pleadings

to a less stringent standard than formal pleadings drafted by lawyers.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In its January 9, 2008 order, the court also explained to Plaintiff that his original complaint, which appeared to contain three claims, fails to state a claim upon which relief may be granted.  In Plaintiff's complaint, the first stated cause of action is fraud.  Plaintiff's supporting facts for this cause of action are:  "the registration of illegal websites into me/or/my corporate names, and illegal operation of sites and email registrations by webmasters directly responsible for optimalone.com, conceptfreedom.com as a breach of international security and securities, and antitrust."  This statement does not provide the court with sufficient factual allegations for the

3

court to determine whether Plaintiff has stated a claim of fraud, or any other federal claim, upon which relief can be granted.  To the contrary, Plaintiff's statement consists of conclusory allegations without sufficient supporting factual averments.

Plaintiff's second stated cause of action is "Murder and worldwide antitrust by the British Prime Minister on Terrorism of Great Britain as the person responsible for [the first cause of action]."  As support for this stated cause of action, Plaintiff provides the following:  "The British Prime Minister is a member of a society called the Freemasons and has committed multiple/and is responsible for multiple counts of murder, child molestation and numerous crimes worldwide."  Again, as with Plaintiff's first cause of action, this statement simply sets forth conclusory allegations unsupported by factual averments.  The court cannot conclude, based on this statement, that Plaintiff has set forth a federal claim upon which relief can be granted.

Finally, Plaintiff supported his third stated cause of action, which he calls "atrocities against humanity listed in [the first two causes of action]," with the following statement: "evidence will be shown at time of trial of defendants/adverse parties on behalf of the United Nations Peacekeeping council.  Also over $600,000,000.00 has not been recovered by local authorities in Salt Lake City after reported to local officials and authorities."  As with Plaintiff's first two stated causes of action, Plaintiff has not supported this third cause of action

4

with a sufficient statement of facts for the court to find that Plaintiff has stated a claim upon which relief can be granted.

Based on the information provided by Plaintiff in his complaint, the court concludes that Plaintiff's complaint fails to set forth a federal claim upon which relief can be granted. As explained above, Plaintiff has not provided the court with sufficient facts to support a federal claim.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 6th day of March, 2008.

BY THE COURT:

_/s/ Samuel Alba_

SAMUEL ALBA
United States Chief Magistrate Judge